UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER WILLIAMS | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | No. 2:21-cv-05268 |
| CITY OF PHILADELPHIA; ET AL., | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

**REPLY IN SUPPORT OF DEFENDANTS CITY OF PHILADELPHIA, FRANK MARGERUM, RICHARD HARRIS, AND CHARLES BENTHAM'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants the City of Philadelphia (the "City"), Frank Margerum, Richard Harris, and Charles Bentham's (collectively "Detective Defendants") reply in support of their partial motion to dismiss Plaintiff's Complaint, as follows.

I.   **INTRODUCTION**

On February 4, 2022, Defendants City of Philadelphia, Frank Margerum, Richard Harris, and Charles Bentham filed a Partial Motion to Dismiss Plaintiff's Complaint, seeking targeted dismissal of specific claims premised on rights that were not clearly established during the relevant time-period, and any claims lacking sufficient factual pleading or barred by applicable statutes of limitations. ECF No. 11. On February 28, 2022, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss (ECF No. 27) conceding dismissal of his *respondeat superior* claim, but opposing all other requested relief. Defendants now file the instant reply in support of their Partial Motion to Dismiss Plaintiff's Complaint.

## II.   ARGUMENT

### A.   Plaintiff's Fourteenth Amendment Malicious Prosecution, Withholding of Evidence, Failure to Conduct a Constitutionally Adequate Investigation, and Failure to Intervene Claims Should be Dismissed Because the Detective Defendants are Entitled to Qualified Immunity

The first 18 Counts of Plaintiff's Complaint are presented as an omnibus §1983 claim for "malicious prosecution and deprivation of liberty without due process of law and fair trial in violation of the Fourth Amendment and Fourteenth Amendment." Compl. ¶¶ 277-479. Any portions of those claims grounded in allegations of malicious prosecution procedural due process, withholding of evidence or *Brady* violations, or a constitutionally inadequate investigation, should be dismissed because those rights were not clearly established at the time of the alleged harms, or have yet to be clearly established. Detective Defendants are thus entitled to qualified immunity and those claims should be dismissed. Likewise, Plaintiff's claims for failure to intervene are subject to the same analysis and should be dismissed.

#### 1.   Plaintiff Fails to Rebut Defendants' Well-Supported Argument that a Malicious Prosecution Claim Sounding in the Fourteenth Amendment Is Still Not Clearly Established

Defendants argue in their moving brief that there is no clearly established Fourteenth Amendment procedural due process right against malicious prosecution, meriting the application of qualified immunity and dismissal of this claim in Counts 3, 7, and 14. ECF No. 11 at 11-12. Plaintiff cites to *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014), in an effort to rebut this contention. ECF No. 27 at 16. But *Halsey* dealt solely with a **Fourth Amendment** malicious prosecution claim, which claim is not challenged by way of Defendant's initial motion. Because Plaintiff offers no law or argument that counters Defendants' well-supported argument, this Court should dismiss the Fourteenth Amendment malicious prosecution claim subsumed within Counts 3, 7 and 14 of the Complaint.

#### 2.   The Attachment of Brady Disclosure Obligations to Police Officers Was Not Clearly Established Until 2005, Entitling the Detective

*Defendants to Qualified Immunity from this Claim*

In the motion to dismiss, Defendants relied upon recent district court opinions in which the court held that, pursuant to *Gibson v. Superintendent of New Jersey Dep't of Law & Public Safety – Division of Police*, 411 F.3d 427, 443 (3d Cir. 2005), the attachment of *Brady* obligations to police officers was not clearly established until 2005. ECF No. 11 at 12-14. The *Gibson* court analyzed the Supreme Court's determination, in *Kyles v. Whitley*, that prosecutors are responsible for disclosing any exculpatory information contained in police files, and assessed how or whether that decision implicated an independent constitutional obligation of police, not prosecutors, to affirmatively disclose exculpatory information. The court noted that "[e]ven in 2000, this Court was only able to *assume* that police officers 'have an affirmative duty to disclose exculpatory evidence to an accused if only by informing the prosecutor that the evidence exists.'" *Id.* at 444 (quoting *Smith v. Holtz*, 210 F.3d 186, 197 n. 14 (3d Cir. 2000)).

In opposition, Plaintiff avoids addressing *Gibson* entirely, and posits several alternative arguments – all of which are unconvincing. First, Plaintiff argues that where an exact situation at issue is not addressed in case law, if a reasonable officer would know his actions offended the Constitution, he is not entitled to qualified immunity. ECF No. 27 at 16, citing *Taylor v. Rojas*, 141 S. Ct. 52, 53 (2020); *Halsey*, 750 F.3d at 295. Plaintiff's argument, and reliance on *Taylor*, ignore the very fact that the issue of *Brady* attachment ***is*** expressly addressed in Third Circuit case law, namely *Gibson*. Next, Plaintiff cites to *Wright v. City of Philadelphia*, 229 F.Supp.3d 322, 328 (E.D. Pa. 2017) attempting to demonstrate that the right was clearly established as of 1991. Notably, the *Wright* court never addressed whether the attachment of *Brady* disclosure obligations to police officers was clearly established (and in fact did not examine qualified immunity at all). Finally, Plaintiff implicitly invites this Court to ignore the express and binding precedent of *Gibson* and instead look to non-circuit authority for guidance. ECF No. 27 at 17-18. This Court should decline to do so.

3

The *Gibson* opinion did not issue until 2005, after the arrest and prosecution at issue in this litigation. Given this timing, and the lack of a clearly established constitutional obligation for police officers to affirmatively disclose exculpatory evidence at the time of Plaintiff's arrest and prosecution, Defendants are entitled to qualified immunity from liability for this claim.

> 3. *Plaintiff Does Not Appear to Contest that Qualified Immunity Attaches to a Standalone Inadequate Investigation Claim*

Defendants argued that there is no clearly established right to an adequate investigation, meriting the application of qualified immunity and dismissal of this claim. ECF No. 11 at 14-15. Responding in opposition, Plaintiff concedes that "the Third Circuit has not yet recognized a constitutional claim based on an 'inadequate investigation.'" ECF No. 27 at 19. As Plaintiff does not present law or argument that counters Defendants' well-supported argument, the Court should dismiss the "failure to investigate" claims.

> 4. *Plaintiff Fails to Rebut Defendants' Well-Supported Argument that a Constitutional Obligation to Intervene in an Investigation is Not Well Established*

Defendants argued that there is no clearly established right to intervention outside of the context of an application of force, meriting the application of qualified immunity and dismissal of this claim in Counts 23, 27 and 34. ECF No. 11 at 15-16. In support of this proposition, Defendants relied upon the *Ekwunife v. City of Philadelphia* case, in which the district court concluded that an Assistant District Attorney could not be liable for failure to intervene because, among other things, such a claim was generally only recognized in the context of a use of force. 245 F. Supp. 3d 660, 672 (E.D. Pa. 2017). The Court found that this analysis applied with equal force to employees of the police department when, in *Thorpe v. City of Philadelphia*, it dismissed a failure to intervene claim brought against detectives. No. 19-5094, 2020 WL 5217396, at *11 (E.D. Pa. Sept. 1, 2020).

Plaintiff suggests in opposition that a police officer's failure to intervene in the midst of a

constitutional violation has been recognized numerous times in the Third Circuit. ECF No. 27 at

18, citing to *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002); *Garbacik v. Janson*, 111 F.

App'x 91, **3 (3d Cir. 2004). What Plaintiff fails to mention is that both *Smith* and *Garbacik*

involved excessive use of force. The *Smith* case is specifically about a correctional officer who

observed other officers beating the plaintiff but failed to stop them from doing so. The court

found that the case law applicable to police officers who fail to intervene in an excessive use of

force applies equally to correctional officers who engage in the same alleged conduct. *Smith*, 293

F.3d at 650-51. Likewise, the *Garbacik* case involved excessive use of force claims against

Pennsylvania State Troopers. The court found that a nonsupervisory employee's duty to

intervene was clearly established at the time of the incident. *Garbacik*, 111 F. App'x at **3.

Nothing in *Smith* or *Garbacik* suggests that the duty to intervene applies outside the context of a

use force, or undermines the *Thorpe* court's conclusion that, as quoted in Defendants' moving

brief, "it was not sufficiently clear that reasonable officers would have understood that failing to

intervene when confronted with another's fabrication and withholding of evidence" would

violate the plaintiff's constitutional rights. 2020 WL 5217396, at *11.

     Plaintiff also suggests that *Wright* and *Cash v. Wetzel*, 8 F. Supp. 3d 662 (E.D. Pa. 2014)

support his contention that a failure to intervene claim can be brought in the non-force context.

Again, Plaintiff's reliance on *Wright* is misplaced, as the Court never grappled with whether

failure to intervene in an investigation violated a clearly established right (and never examined

qualified immunity at all). *Wright*, 229 F. Supp. 3d at 338-39. While the court in *Cash*

admittedly recognized a failure to intervene claim outside of the excessive force context, the

court engaged in no discussion of whether failure to intervene was a clearly established right and

premised its holding on an Eastern District case that squarely dealt with excessive use of force.

*Cash*, 8 F. Supp. at 662-63. In the absence of controlling law to the contrary, and consideration

of the Third Circuit's analysis in *Weimer v. County of Fayette, Pennslavnia*, 972 F.3d 177, 191

(3d Cir. 2020), this Court should be guided by the substantial authority concluding that no such right was clearly established, and Defendants are entitled to qualified immunity from liability for this claim.

### B.  Plaintiff Fails to Establish Part of his <u>Monell</u> Claim Against the City

Plaintiff suggests that the entirety of his *Monell* claim should proceed against the City. ECF No. 27 at 20-25. The City does not contest that **some** of Plaintiff's *Monell* claim should proceed, it simply argues that the portions of Plaintiff's claims involving violations of rights that were not clearly established at the time of the events at issue, should be dismissed. As outlined in Defendants' moving brief, this is because the City cannot be **deliberately indifferent** to rights that are not clearly established. ECF 11 at 17-19.

Plaintiff counters by specifying that his *Monell* claim is premised on allegations of both the police department's facially unconstitutional customs of suppressing exculpatory evidence and failing to investigate leads (which does not require a showing of deliberate indifference) and a failure to train, supervise and discipline (which does). ECF 27 at 22, citing to *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019); *Estate of Roman v. City of Newark*, 914 F. 3d 789, 798-99 (3d Cir. 2019). Assuming *arguendo* that the portion of Plaintiff's *Monell* claim alleging a facially unconstitutional custom does not require a showing of deliberate indifference, it can hardly be said that where a right has yet to be clearly established its violation is "facially unconstitutional." As initially briefed, and argued above, there is still no established right to an adequate investigation. And the attachment of *Brady* obligations to police officers was not deemed to rise to the level of a clearly established constitutional obligation until 2005 under *Gibson*. *See* argument *supra* at 3. This is simply not analogous to *Estate of Roman* where the facially unconstitutional custom involved warrantless or nonconsensual searches, a violation of a known, clearly established constitutional right that always applied to policing. 914 F.3d at 798-99.

In the alternative, and to address the remainder of his *Monell* claim, Plaintiff contends

6

that he has sufficiently plead deliberate indifference on behalf of the City.[1] While the Third

Circuit has yet to examine whether a right that is not clearly established at the time of the alleged

violation can support municipal liability, courts in this district (and several Courts of Appeals)

have repeatedly held that when a right is not clearly established a municipality cannot be

deliberately indifferent to it. *See Outlaw v. City of Philadelphia*, No. CV 21-1290, 2021 WL

3471168, at *7-8 (E.D. Pa. Aug. 6, 2021); *see also Lewis v. City of Philadelphia*, No. CV 18-

2847, 2020 WL 1683451, at *12 (E.D. Pa. Apr. 6, 2020) (collecting Court of Appeals decisions

holding that a municipality cannot be liable for rights not clearly established); *Dennis v. City of

Philadelphia*, 379 F. Supp. 3d 420, 435 (E.D. Pa. 2019); *Thomas v. City of Philadelphia*, 290 F.

Supp. 3d 371, 387 (E.D. Pa. 2018).

This Court should be guided by similar analyses of other courts in this District, and other

Courts of Appeals, in finding that because the rights at issue in Plaintiff's claims for Fourteenth

Amendment malicious prosecution, withholding of evidence, failure to conduct a constitutionally

adequate investigation, and failure to intervene were not clearly established at the time in

question, and thus the City could not be deliberately indifferent to them, these portions of the

*Monell* count should be dismissed.

### C. Plaintiff's Intentional/Reckless Infliction of Emotional Distress and Equal Protection Claims are Time Barred

In response to Defendants' argument that applicable statutes of limitations bar Plaintiff's

intentional or reckless infliction of emotional distress and equal protection claims (ECF 11 at 7-

9), Plaintiff contends that these claims did not accrue until his release from prison, when he was

---

[1] Plaintiff also argues that pursuant to *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996) and *Fagan v. City of Vineland*, 22 F.3d 1283, 1293 (3d Cir. 1994) the City may be liable under *Monell* even if the Plaintiff cannot establish a constitutional violation by Defendant Detectives. Both cases are factually distinct. *Kneipp* involved a state created danger analysis and *Fagan* examined the "shocks the conscience standard" applied to police pursuits. Neither addressed whether a municipality could be deemed to be "deliberately indifferent" to rights not clearly established at the time of the alleged violation.

able to maintain a suit for wrongful conviction. ECF 27 at 25-26. Plaintiff cites to no authority, controlling or otherwise, in support of his position.

Plaintiff further argues that even if his claims are time barred, he is entitled to equitable tolling of the statute until his release from prison. *Id*. at 26. Plaintiff cites *Gilbert v. Feld*, 788 F. Supp. 854, 857 (E.D. Pa. 1992), contending that an intentional infliction of emotional distress claim alleged alongside civil rights claims is not time-barred. A closer examination reveals that *Gilbert* provides no such support. Instead, the court in *Gilbert* found that Plaintiff's state law intentional infliction of emotional distress claim, in conjunction with a §1983 wrongful arrest claim, ***was*** subject to a two-year statute of limitations. *Id*. at 862. The court did not bar the claim because the original complaint satisfied the statute of limitations and the IIED claim, while brought after the expiration of the statute of limitations, was filed in an amended pleading that was expressly permitted by court order. *Id.* Because Plaintiff's intentional or reckless infliction of emotional distress and equal protection claims have been brought nearly seventeen years past the statute of limitations, these claims should be dismissed.

### D.  Plaintiff Fails to Plead Facts Sufficient to Establish His Equal Protection Claim

Defendants also argued that Plaintiff failed to plead facts sufficient to even establish an equal protection claim where he pleads no facts establishing the personal involvement of the Detective Defendants or that any similarly situated person outside the protected class was treated differently. ECF 11 at 5-7. In opposition, Plaintiff contends that he is not required to identify "specific instances where others have been treated differently." ECF 27 at 27, citing to *Suber v. Guinta*, 902 F. Supp. 2d 591, 607 (E.D. Pa. 2012); *Perez v. Lebron*, No. 5:20-cv-4331, 2021 WL 2255852, at *3 (E.D. Pa. June 3, 2021); *Stockley v. Darby Borough*, No. 10-688, 2011 WL 665800, at *3 (E.D. Pa. Feb. 23, 2011). Even if identification of ***specific instances*** of differential treatment is not required, Plaintiff ignores the fact that *Suber*, *Perez*, and *Stockley* complaints

either specifically identify others who are similarly situated that received differential treatment, or facts demonstrating that the defendants acted with a racially discriminatory intent or purpose. *See Suber*, 902 F. Supp. 2d at 607 (plaintiff avers that the white "Polish Club" located across the street is not harassed, bullied, or frequently issued citations); *Perez*, 2021 WL 2255852, at \*3 (plaintiff avers that he was told to "[g]o back to where the fuck [he] came from" shortly before he was assaulted); *Stockley*, 2011 WL 665800, at \*3 (plaintiff avers that defendant police officer made arguably racist remarks about plaintiff and only barred the plaintiff, and not others, from using police department offices and transporting police department prisoners).

Bald assertions and conclusory allegations that Plaintiff was treated differently because he is black, with no facts to suggest he received differential treatment, cannot withstand a motion to dismiss. *See Young v. New Sewickley Twp.*, 150 F. App'x 263, 266 (3d Cir. 2005) (finding plaintiff cannot use civil rights allegations that amount to nothing more than "conclusory, boilerplate language" to show entitlement to relief); *Barrett v. City of Allentown*, 152 F.R.D. 50, 54-55 (E.D. Pa. 1993). Finally, Plaintiff offers no adequate counter to Defendants' argument that he has failed to establish the personal involvement of the Detective Defendants in his alleged harm. Plaintiff's equal protection claim fails as a matter of law and should be dismissed.

### E.  Plaintiff Concedes Dismissal of His Respondeat Superior Claim

Plaintiff offers no argument challenging Defendants' contention that his claim of *respondeat superior* liability in Count 82 fails under both federal and state law, and concedes dismissal of his claim. ECF No. 27 at 26 n.4. Accordingly, Count 82 should be dismissed.

### III.  <u>CONCLUSION</u>

For all of the foregoing reasons, in addition to those previously set forth in the Defendants' pending partial motion to dismiss, Defendants respectfully request that this Court grant the partial motion and dismiss Plaintiff's claims as detailed therein.

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
DIANA CORTES, CITY SOLICITOR

Dated: April 11, 2022

/s/ *Danielle E. Walsh*
DANIELLE WALSH (PA ID No. 312438)
Divisional Deputy City Solicitor
CITY OF PHILADELPHIA LAW DEPARTMENT
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Phone: (215) 686-0464
*Counsel for Defendants City of Philadelphia, Frank Margerum, Richard Harris, and Charles Bentham*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2022, I caused a true and correct copy of the foregoing

Reply in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint to be served

via CM/ECF filing upon counsel for all parties.


/s/ *Danielle E. Walsh*
Danielle E. Walsh
Divisional Deputy City Solicitor


Dated: April 11, 2022